Rivas Rivas v. Sessions

BIA
Straus, IJ
A205 497 469

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of March, two thousand eighteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

ALCIDES VLADIMIR RIVAS RIVAS,
*Petitioner,*

v.                                                        16-2281
                                                          NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General, Jennifer P.
                           Levings, Senior Litigation
                           Counsel, Kristin Moresi, Trial
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alcides Vladimir Rivas Rivas, a native and citizen of El Salvador, seeks review of a June 3, 2016, decision of the BIA affirming a December 2, 2014, decision of an Immigration Judge ("IJ") denying Rivas Rivas's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Alcides Bladimir Rivas Rivas,*[1] No. A205 497 469 (B.I.A. June 3, 2016), *aff'g* No. A205 497 469 (Immig. Ct. Hartford Dec. 2, 2014).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006).  The standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Gjolaj v. Bureau of Citizenship &*

---

[1] The record uses both Vladimir and Bladimir.

*Immigration Servs.*, 468 F.3d 140, 142 (2d Cir. 2006).

To establish eligibility for withholding of removal based on membership in a particular social group, an "applicant must establish both that the group itself was cognizable, . . . and that the alleged persecutors targeted the applicant on account of h[is] membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (internal quotation marks and citation omitted). To be cognizable, a social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Matter of W-G-R-*, 26 I. & N. Dec. 208, 212-18 (B.I.A. 2014). "'Particularity' refers to whether the group is 'sufficiently distinct' that it would constitute 'a discrete class of persons.'" *Matter of W-G-R-*, 26 I. & N. at 210 (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (B.I.A. 2008)). Social distinction requires that the shared traits that characterize the social group be sufficient for the group to "be *perceived* as a group by society." *Id*. at 216; *see also Matter of M-*

3

*E-V-G-*, 26 I. & N. Dec. at 240; *Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views the group as socially distinct, not the persecutor's perception."). Once the applicant has established a cognizable social group, he must demonstrate a nexus between his membership in that group and the persecution he suffered. *Paloka*, 762 F.3d at 196-97. The agency did not err in denying relief because, as discussed below, Rivas Rivas failed to demonstrate membership in a cognizable particular social group or that he was persecuted on account of his membership in such a group.

Rivas Rivas's proposed social group, "young male[s] opposing gang membership in El Salvador . . . who are unable to leave MS13," lacks both particularity and social distinction. Pet. Br. at 17. The proposed social group is overly diffuse, amorphous, and subjective. *See Matter of W-G-R-*, 26 I. & N. Dec. at 221 (concluding that individuals who had renounced gang membership was too diffuse, broad, and subjective); *Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (B.I.A. 2008) (concluding that young men who resisted gang recruitment was amorphous and included "a potentially large

4

and diffuse segment of society"). Because Rivas Rivas failed to "provide a clear benchmark for determining who falls within the group," the agency did not err in holding his proposed group not legally cognizable. *Matter of M-E-V-G*, 26 I. & N. Dec. at 239. Rivas Rivas's proposed group also lacks social distinction. He presented no evidence that Salvadoran society regards "young male[s] opposing gang membership" as a distinct social group, or that the proposed group is treated differently in any way by society. *See Matter of W-G-R-, 27 I. & N. Dec.* at 222 (denying relief where "[t]he record contains scant evidence that Salvadoran society considers former gang members who have renounced their gang membership as a distinct social group").

The agency's decision that Rivas Rivas failed to establish a nexus between his claimed persecution and his purported membership in a particular social group is supported by substantial evidence. Rivas Rivas presented no evidence that Salvadoran gangs were more likely to persecute members of his proposed social group more than members of any other groups in Salvadoran society. Instead, his evidence indicated that gang violence in El Salvador is widespread and

arises from, among other issues, territorial clashes between different gangs or between gang factions and security forces. *Matter of M-E-V-G-*, 26 I. & N. Dec. at 250 (noting that "evidence of indiscriminate gang violence and civil strife" may undermine an applicant's "attempt to establish a nexus between any past or feared harm and a protected ground") (citing *Matter of S-E-G-*, 24 I. & N. Dec. 579, 588 (B.I.A. 2008)).

Rivas Rivas also argues that he was persecuted for his imputed political opinion of "wanting to leave the MS13," and that his family constitutes a cognizable social group being targeted because of his attempt to withdraw from the gang. Pet. Br. at 23. Rivas Rivas did not raise these arguments before the BIA, and we generally do not consider unexhausted issues on appeal. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). In any event, Rivas Rivas has presented no evidence that the gang members imputed a political opinion to him or that this political opinion claim is in any way distinguishable from his social group claim. *Matter of W-G-R-*, 26 I. & N. Dec. at 223-24 (discussing nexus requirement).

6

As for his argument regarding his family group, Rivas Rivas appears to argue both that his family stands alone as a cognizable particular social group and that it falls under the umbrella of "young men persecuted and subsequently killed [by] the MS13." Pet. Br. at 25. But Rivas Rivas failed to present evidence that gang members target the families of young men who oppose or renounce gang membership over other segments of Salvadoran society. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 250-51. And the BIA has rejected social groups based on "family members of Salvadoran youth . . . who have rejected or resisted membership in the gang" as "too amorphous." *Matter of S-E-G-*, 24 I. & N. Dec. at 585 (internal quotation marks omitted). Finally, Rivas Rivas seeks to delineate his umbrella group by the injury inflicted on it by the gang, but cognizable social groups cannot be defined solely by the harm its members have suffered. *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("[A] social group cannot be defined exclusively by the fact that its members *have* been subjected to harm." (internal quotation marks and citation omitted)).

7

The agency also reasonably determined that Rivas Rivas did not show that he would more likely than not be tortured by or with the acquiescence of a government official in El Salvador. To succeed on a claim for CAT relief, a petitioner must show that "government officials know of or remain willfully blind to an act" of torture. *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). Rivas Rivas argues that he met this burden with his evidence that the government in El Salvador is corrupt. Though the State Department report he submitted reflects corruption in the judicial system, it also describes the government's efforts to combat such corruption, including dismissing and suspending multiple judges. Moreover, the agency reasonably determined that torture was not "more likely than not" because Rivas Rivas testified that he was able to avoid the gang from the time he was attacked in 2001 to when he left El Salvador in 2006. *Khouzam*, 361 F.3d at 168 (setting out standard for CAT relief). As such, the agency's determination that Rivas Rivas failed to demonstrate torture by or with the willful blindness of government officials is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk